**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SMITH TANK & STEEL, INC.** **CIVIL ACTION**

**VERSUS** **NO. 24-616-SDD-RLB**

**NAUTILUS INSURANCE COMPANY**

**ORDER**

Before the Court is Plaintiff's Motion to Quash Subpoenas Duces Tecum Issued to Plaintiff's Experts, Frank X. Neuner, Jr., Louise G. Fey, Jr., Martin T. Anderson, and Paul Flaherty ("Motion to Quash"). (R. Doc. 44). The motion is opposed. (R. Doc. 56). Plaintiff filed a reply. (R. Doc. 59).

Also before the Court is Defendant's Motion to Continue Certain Pre-Trial Deadlines Based on Material Outstanding Discovery and Prejudice to Defense ("Motion to Continue Deadlines"). (R. Doc. 48). The motion is opposed. (R. Doc. 54). Defendant filed a reply. (R. Doc. 64).

Given the related nature of these motions, the Court will consider them together.

## I. Background

The genesis of the instant motions is the Court's July 29, 2026 Order granting in part the Motion to Compel Discovery Responses filed by Nautilus Insurance Company ("Defendant" or "Nautilus"). (R. Doc. 43). That Order details the applicable factual background, arguments, and legal analysis.

Among other things, Nautilus sought an order compelling the production of documents in response to a third-party subpoena served on Zurich American Insurance Company ("Zurich"). (R. Doc. 26). While Zurich provided responses to the subpoena, it withheld "privileged documents,

proprietary information, and/or work product" and did not produce a privilege log. (*See* R. Doc. 26-16).. The Court ultimately held that Zurich waived its privilege objections regarding the withheld documents. (R. Doc. 43 at 17-18).

While the foregoing motion was pending, the Court extended the deadline to complete expert discovery to July 31, 2026, and reset the deadline to file dispositive and Daubert motions on August 21, 2026. (R. Doc. 40).

The instant motions followed. On July 31, 2026, Smith Tank & Steel ("Plaintiff" or "Smith Tank") filed its Motion to Quash certain subpoenas directed at its experts as untimely because they sought compliance one week after the expert discovery deadline. (R. Doc. 44). In response, Nautilus argues that the four subpoenas seek a straight-forward production of documents from Smith Tank's experts prior to the agreed-upon deposition dates of the respective experts beyond the expert discovery deadline pursuant to Local Rule 26(d).

One week later, Nautilus filed its Motion to Continue Deadlines. (R. Doc. 48). In light of the outstanding discovery from Zurich, Nautilus seeks an extension of (1) the expired non-expert discovery deadline (for the purposes of obtaining Zurich-related discovery), (2) the expert discovery deadline, (3) the Daubert and dispositive motions deadlines, and (4) other deadlines, up to trial, as necessary. In response, Smith Tank argues that Nautilus's reliance on the Zurich claim file (and other documents) is speculative and that Nautilus has demonstrated extreme delay and lack of diligence in conducting expert discovery. (R. Doc. 54).

On August 20, 2026, the Court found good cause to continue the deadline to file dispositive and Daubert motions, without date, until resolution of Nautilus' Motion to Continue Deadlines. (R. Doc. 48).

Zurich then filed Rule 72 Objections to the undersigned's July 29, 2026 Order. (R. Doc. 51). After reviewing this filing, the undersigned vacated the July 29, 2026 Order to the extent it held that Zurich waived its privilege assertions. (R. Doc. 61). The undersigned remains in the process of conducting an *in camera* review of Zurich's withheld documents and privilege log.

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra*

*Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 45 governs the issuance of subpoenas. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Subpoenas issued for discovery purposes are subject to the discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co*., 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).").

Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that. . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

**B. Analysis**

Having considered the record, the Court finds good cause to continue certain deadlines, up to trial, for the purposes of allowing Nautilus to timely serve the four subpoenas at issue and for the parties to complete expert discovery.

As stated above, the undersigned remains in the process of conducting an *in camera* review of Zurich's withheld documents and privilege log. The Court will issue an appropriate order regarding any additional discovery allowed with respect to Zurich after that review.

The record supports a finding that the parties agreed to conduct expert depositions in August and September – after the close of expert discovery – pursuant to Local Rule 26(d). Apparently that agreement did not extend to the production of expert-related documents prior to the depositions. Accordingly, Smith Tank is correct that the subpoenas at issue (R. Docs. 44-2, 44-3, 44-4, 44-5) are untimely because they seek the production of documents on August 7, 2026,

which is after the close of the discovery deadline. *See* LR 26(d)(2) ("Written discovery is not timely unless the response to that discovery would be due before the discovery deadline."). That said, the record also supports a finding that the parties agreed to conduct expert depositions after the expert discovery deadline closed. *See* LR 26(s)(1) ("Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting.").

Given these circumstances, the Court finds good cause to extend the expert discovery deadline and deem the instant subpoenas to be timely served. There is no dispute that expert discovery is important in this case. Smith Tank's own experts were not available to be deposed prior to the expert discovery deadline. (*See* R. Doc. 54-10). Nautilus has explained that the subpoenas sought the production of expert documents prior to expert depositions scheduled, upon agreement of the parties, to take place after the close of discover. The Court will not quash the subpoenas as untimely given the record. The Court does, however, find good cause to extend the deadline for the subpoenaed experts to respond to the subpoenas by **14 days** from the date of this Order. Any additional motions with respect to the subpoenas must be filed in the district of compliance and transferred to this court if applicable. *See* Fed. R. Civ. P. 45(d), (f).[1]

The Court will also set a new expert discovery deadline for the sole purpose of allowing the parties to move forward with the agreed-upon expert depositions. This will provide the Court time to review Zurich's withheld documents and privilege log, and issue any appropriate orders after that review. No further subpoenas shall be issued and served on experts without leave of court. The Court will also reset the dispositive and Daubert motions deadlines, which will require a final continuance of the trial date and related pre-trial deadlines.

[1] All of four of the subpoenas seek compliance in New Orleans, Louisiana, which falls within the Eastern District of Louisiana.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Continue Certain Pre-Trial Deadlines Based on Material Outstanding Discovery and Prejudice to Defense (R. Doc. 48) is **GRANTED** to the extent allowed by the body of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash Subpoenas Duces Tecum Issued to Plaintiff's Experts, Frank X. Neuner, Jr., Louise G. Fey, Jr., Martin T. Anderson, and Paul Flaherty (R. Doc. 44) is **DENIED**. The deadline for the subpoenaed experts to respond to the subpoenas is extended to **14 days** from the date of this Order. **Plaintiff's counsel shall immediately provide a copy of this Order to each of the subpoenaed experts.**

**IT IS FURTHER ORDERED** that, in accordance with Federal Rule of Civil Procedure 16(b), the following deadlines are established:

1. The deadline to join other parties or to amend the pleadings is Expired.

2. Discovery must be completed as follows:

   a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): Expired.

   b. Filing all discovery motions and completing all discovery except experts: Expired.

   NOTE: Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

   c. Disclosure of identities and resumés of experts:

   Plaintiff(s): Expired.

   Defendant(s): Expired.

   d. Expert reports must be submitted to opposing parties as follows:

Plaintiff(s): Expired.

Defendant(s): Expired.

Rebuttal: Expired.

e. Discovery from experts must be completed by **October 30, 2026.**

3. Deadline to file dispositive motions and Daubert motions: **November 30, 2026.**

4. Deadline to file pre-trial order: **May 11, 2027.**[2]

**Prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.**

5. Deadline to file motions in limine: **May 17, 2027.**

**Any responses to Motions in Limine shall be filed within seven (7) days after the filing of the motion.**

6. Deadline to file an affidavit of settlement efforts: **May 3, 2027.**

7. Pre-trial conference date: **May 25, 2027 at 2:00 p.m.** in the chambers of the Honorable Shelly D. Dick.

8. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge: **May 24, 2027.**

**The information regarding the Honorable Shelly D. Dick's pretrial order may be found on the court's website at (**https://www.lamd.uscourts.gov**) under "Judges' Info."**

9. **A 3-day jury trial is scheduled for 9:00 a.m. beginning on June 14, 2027 in Courtroom 3.**

Signed in Baton Rouge, Louisiana, on September 8, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

[2] Motions to extend or otherwise modify this date and the dates/deadlines that follow shall be directed to the district judge.